UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PABLO ANTONIO MEDEROS PAVIE,

                Petitioner,

v.

UNKNOWN PARTY #1 et al.,

                Respondents.

_____/

Case No. 1:26-cv-1830

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing. (Pet., ECF No. 1, PageID.7.)

In an order entered on June 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on June 22, 2026. (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Cuba. (Notice to Appear (NTA), ECF No. 6-1, PageID.26.) Petitioner entered the United States on July 23, 2019, as a Visa Waiver Visitor for Pleasure/Tourism. (*Id.*) He subsequently became a lawful permanent resident on March 9, 2021. (*Id.*) However, since that time, Petitioner obtained several criminal convictions. (2026 Form I-213, ECF No. 6-2, PageID.34.)

On June 3, 2026, ICE encountered and arrested Petitioner at the Ottawa County Jail. (*Id.*) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with removability under Immigration and Nationality Act (INA) Section 237(a)(2)(B)(i). (NTA, ECF No. 6-1, PageID.29.) Petitioner is presently scheduled for a custody redetermination hearing before the Detroit Immigration Court on June 26, 2026. (Notice of Custody Redetermination Hearing, ECF No. 6-3, PageID.37.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*,

*Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

As relief in this action, Petitioner asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing under § 1226(a). Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention and have presented evidence that Petitioner has a custody redetermination hearing scheduled for June 26, 2026. In light of Respondents' concession that Petitioner will receive § 1226(a) bond hearing, which is the relief that Petitioner seeks in this action, the Court will dismiss this action without prejudice.

## V.    Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    June 29, 2026                         /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge

3